BARNES *v.* STATE

No. 43855 April 20, 1964 162 So. 2d 865

*Lawrence D. Arrington,* Hattiesburg, for appellant.

G. *Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Ranzy Barnes, appellant, was convicted in the Circuit Court of Forrest County of the possession of integral parts of a whiskey still. However, the conviction must be reversed and the cause remanded for a new trial, since the verdict was based in part on testimony

derived from an illegal search of his truck on which the parts of a still were found.

Around four o'clock in the early morning of April 11, 1963, two Federal Alcohol Tax Unit agents, Langton and Doyle, who had been hiding in the woods near certain premises in Harrison County, heard noises near a house indicating a truck was being loaded. They saw the headlights of two vehicles coming out and proceeding down the road. One of them was a pickup truck, with a solid tailgate and open slats on the sides. When they got to U. S. Highway 49, the first of the two vehicles turned south, and the truck was preparing to turn north, toward Hattiesburg. Langton got out of his car, and hopped in the back of the truck, where he hid in a large condensing drum. This vehicle proceeded north toward Hattiesburg.

South of that city Constable Kitchens was parked in his car, after having received an anonymous telephone call advising him that a green Studebaker pickup truck was coming north carrying whiskey. Observing the similarity of this particular vehicle, in which Langton was hiding, Kitchens followed it for a mile and a half. He said he noticed that the "method of operation" of the truck was unusual, it was "wobbling and swaying . . . back and forth." The driver cut across the line dividing the two northbound lanes, but there was no traffic. Under these circumstances, Kitchens stopped the truck, which was being driven by Ranzy Barnes, saw the parts of the still, and arrested Barnes and for a time, the ATU agent. Langton, Doyle, the constable and a deputy sheriff testified that the objects found in the vehicle constituted integral parts of a rather large still. Defendant offered no witnesses.

██ █ The wobbling, swaying and weaving back and forth by defendant while driving the truck constituted such reckless driving as to justify the constable in stopping Barnes. ██ █ The driving of a vehicle in

such a manner as to indicate "either a wilful or a wanton disregard for the safety of persons or property" is reckless driving. Miss. Code 1942, Rec., § 8175. This provision, based on the Uniform Vehicle Code, seeks "to prohibit conduct jeopardizing even the driver's own safety and property, not merely that 'of others.' No qualifying language restricts a protection to the person or property of another." Reckless driving means the commission of conscious acts or omissions which the driver knows or should know create an unreasonable risk of injury or damage. That which is necessary is that the driver should realize the strong probability of harm likely to ensue. Fisher, Vehicle Traffic Law (1951) 324. Somewhat similar to the present case is Shaw v. State, No. 42,851, decided March 9, 1964. Gause v. State, 203 Miss. 377, 34 So. 2d 729 (1948), and One 1948 Pontiac Automobile v. State, 221 Miss. 352, 72 So. 2d 692 (1954), involved considerably less significant facts than those present here, and are distinguishable. The jury was warranted in finding that defendant's conduct in driving the truck was sufficient to justify stopping it and arresting Barnes for reckless driving.

██ ██ However, it was reversible error for the trial court to admit in evidence, over defendant's objections, Langton's testimony about what he saw during his illegal entry and ride on defendant's truck. He had no search warrant. He stated that he "had probable cause to board that vehicle and ride with it," but the state had the burden to show the basis of such probable cause. ██ No evidence supported Langton's uncorroborated conclusion to that effect. Miss. Code 1942, Rec., § 2615 gives an officer authority to make a reasonable search of a vehicle if he has reason to believe and does believe that the prohibition laws of the state are being violated at the time the search is instituted. The state failed to prove probable cause. Rodgers, Search and Seizure in Mississippi, 28 Miss. L. J. 20, 35-37 (1956). Hence

Langton's entry, presence and trip on the truck were illegal, and were an unreasonable search in violation of Mississippi Constitution section 23.

Langton testified that he rode for an hour and a half, for approximately sixty miles, while Barnes was driving; that he saw in the vehicle the various integral parts of a still, which Barnes was transporting. When asked what was "the activity of the truck", he said he "was moved from side to side and I was rather apprehensive about it." All of this testimony was illegally obtained, by an unreasonable entry and search. The latter statement supported the constable's evidence as to reckless driving. Much of the balance of Langton's inadmissible evidence dealt with the illegal contents of the truck. It was reversible error to admit his testimony on these issues, so the judgment of the trial court is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

*Lee, C. J., and Gillespie, Brady and Patterson, JJ.,* concur.