LAMAR, Justice,
for the Court:
¶ 1. While incarcerated, Kristi Fulgham had access to a cell phone and charger, which she provided to an inmate in the Oktibbeha County Jail. Fulgham subsequently pleaded guilty under a statute that prohibits “any ... person” from “fur-nishfing], attempting] to furnish, or assisting] in furnishing to any offender ... an unauthorized electronic device.”[1] She now contends that she pleaded guilty to an unconstitutionally vague statute. Finding the record needs more development, we remand for an evidentiary hearing on (1) whether Fulgham had notice that a cell phone and charger constitute an “electronic device,” and if so, (2) whether they were “unauthorized,” and (3) whether law enforcement had definite standards to avoid arbitrary enforcement.
FACTS
¶ 2. In August 2004, Fulgham was incarcerated on a charge of capital murder when she was caught allegedly furnishing a cell phone and charger to another inmate. Fulgham pleaded guilty to furnishing an unauthorized electronic device to an inmate. Fulgham was sentenced to eight years.
¶ 3. Fulgham timely filed a petition for post-conviction relief in the trial court and challenged her guilty plea. Fulgham argued that the statute is unconstitutionally vague, and that she had pleaded guilty to a crime for which she cannot be convicted. She also argued that her counsel was inef *700 fective for failing to challenge the constitutionality of the statute.
¶ 4. Without a hearing, the trial court issued an order denying post-conviction relief. The court held that she had waived the right to question the statute’s constitutionality by pleading guilty, and it found the statute was not unconstitutionally vague.
DISCUSSION
1. Whether Fulgham’s claim is procedurally barred.
¶ 5. Under Mississippi’s Uniform Post-Conviction Collateral Relief (PCR) Act, Fulgham has the right to file a petition for post-conviction relief challenging the constitutionality of the statute under which she was convicted and sentenced.[2] However, the PCR Act also provides that:
Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which are capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.[3]
¶ 6. Our caselaw clearly establishes that this procedural bar cannot be applied in the face of “errors affecting fundamental rights,” because such a violation “is too significant a deprivation of liberty to be subjected to a procedural bar.”[4] And a conviction under an unconstitutionally vague statute violates the Due Process Clause,[5] which we find to be an error affecting a fundamental constitutional right. If the phrase “unauthorized electronic device” is vague under the Due Process Clause, then the State had no power to bring an indictment charging a violation of Mississippi Code Section 47-5-193. This Court has ruled that “ ‘[wjhere the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty.’ ”[6] Therefore, we except Fulgham’s claim from the procedural bar.
II. Whether Mississippi Code Section 47-5-193 is unconstitutionally vague.
¶ 7. Fulgham argues that the version of Mississippi Code Section 47-5-193 in force at the time of her guilty plea was facially vague, that is, the vagueness was apparent from the words of the statute.[7] She points to the fact that the statute has been twice amended to include the terms “cell phone” and “charger.”[8] Fulgham asserts that the statute is vague for failing to define the phrase “unauthorized electronic device.” Last, Fulgham argues that her trial counsel was ineffective for failing to advise her or the court of the statute’s alleged vagueness. The State also contends that the *701 statute is not facially vague, and alternatively, that it is not unconstitutional as applied to Fulgham.[9]
¶ 8. As previously noted, an unconstitutionally vague statute violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.[10] Because there is a strong presumption that a legislative enactment is valid, the party challenging a statute’s constitutionality must prove his or her case beyond a reasonable doubt.[11] All doubts are resolved in favor of the validity of the statute.[12] The U.S. Supreme Court has ruled that “the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.”[13] The Court has ruled that “[t]he test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.” [14]
¶ 9. As previously noted, Fulgham asserts the statute is facially vague, while the State argues that we should analyze whether the statute is constitutional as applied to Fulgham’s conduct. The U.S. Supreme Court’s jurisprudence has been rather obscure as to when courts should engage in an as-applied analysis versus a facial analysis when reviewing a statute for vagueness.[15] Furthermore, this Court has used each analysis in separate cases without instruction as to application.[16] So, we set forth some notable decisions by the U.S. Supreme Court on this issue and are guided by the Fifth Circuit’s interpretation of it. We often defer to the Fifth Circuit’s interpretation of federal law but are not bound by it.[17]
¶ 10. In U.S. v. National Dairy Products, the parties challenged a criminal statute “on its face” for vagueness, while the Government argued the statute was constitutional as applied to the alleged conduct.[18] The Court found that a statute must not be examined in the “abstract” but rather “in light of the conduct with which a defendant is charged.”[19] The Court noted that *702 it conducts a facial analysis of an allegedly vague statute in cases arising under the First Amendment “because such vagueness may in itself deter constitutionally protected and socially desirable conduct.” [20]
¶ 11. In Village of Hoffman Estates, the Court set forth a test governing a facial challenge to an allegedly vague statute.[21] The Court ruled that the “complainant must demonstrate that the law is im-permissibly vague in all of its applications” and that “[a] court should therefore examine the complainant’s conduct before analyzing other hypothetical applications of the law.”[22] However, the Court noted that “the most important factor affecting the clarity that the Constitution demands of a law is whether it threatens to inhibit the exercise of constitutionally protected rights.”[23] If it does, then “a more stringent vagueness test should apply.”[24]
¶ 12. In Kolender v. Lawson, the Court used a more stringent vagueness test to strike down an antiloitering statute as being subject to arbitrary enforcement.[25] In that case, the Court found that a facial analysis was appropriate, because the statute potentially suppressed First Amendment liberties and implicated the constitutional right of freedom of movement.[26] And in City of Chicago v. Morales, the Court again used a facial analysis and struck down an antiloitering ordinance as vague, reasoning that: (1) the statute contained no mens rea element, (2) the statute infringed on a constitutionally protected right, and (3) vagueness permeated the text of the law.[27]
 ¶ 13. The Fifth Circuit Court of Appeals has interpreted the Supreme Court’s precedent to require the following steps in a vagueness challenge: 1. The court must consider whether the statute affects a constitutional right.[28] 2. If the statute implicates no constitutionally protected right, the court should consider whether the statute is impermissibly vague in all of its applications, applying the statute to the complainant’s conduct before considering any hypothetical scenarios.[29] In applying the statute to the facts at hand, the court must consider whether the complainant had notice of what conduct is prohibited and whether law enforcement had definite standards to avoid arbitrary enforcement.[30] “‘The same facets of a statute usually raise concerns of both fair notice and adequate enforcement standards. Hence the analysis of these two concerns tends to overlap.’ ”[31]
¶ 14. We agree with the Fifth Circuit’s interpretation of the vagueness doctrine *703 and apply it to this case. At the time of Fulgham’s offense, Mississippi Code Section 47-5-193 provided that:
It is unlawful for any officer or employee of the department, or any county sheriffs department, of any private correctional facility in this state in which offenders are confined or for any other person to furnish, attempt to furnish, or assist in furnishing to any offender confined in this state any weapon, deadly weapon, unauthorized electronic device or contraband item. It is unlawful for any person to take, attempt to take, or assist in taking any weapon, unauthorized electronic device or contraband item on property belonging to the department which is occupied or used by offenders, except as authorized by law.[32]
We note that the statute in effect in 2004 contained no definition for “unauthorized electronic device.”
¶ 15. First, we must determine whether the statute affects a constitutionally protected right. Fulgham does not argue that the statute affects any constitutional right, and we find that it does not. Therefore, we apply the statute to Fulg-ham’s conduct to determine whether she had notice of what conduct was prohibited and whether law enforcement had definite standards to avoid arbitrary enforcement.[33] This inquiry involves a factual determination for the trial court, which did not hold a hearing on Fulgham’s petition for post-conviction relief. And the plea dialogue in this ease provides no more information than what is contained in the bare-bones indictment. The record before us is silent as to what was or was not “authorized” and what, if any, notice was given to Fulg-ham. Therefore, we remand for an evi-dentiary hearing for the court to determine (1) whether Fulgham had notice that a cell phone and charger constituted an “electronic device,” and if so, (2) whether she had notice that they were “unauthorized,” [34] and (3) whether law enforcement had definite standards to avoid arbitrary enforcement. These questions simply cannot be answered based on the sparse record before us.
CONCLUSION
¶ 16. This Court remands for an evi-dentiary hearing on (1) whether Fulgham had notice that a cell phone and charger constituted an “electronic device,” and if so, (2) whether she had notice that they were “unauthorized,” and (3) whether law enforcement had definite standards to avoid arbitrary enforcement. This inquiry will allow the trial court to determine whether the statute is unconstitutional as applied to Fulgham’s conduct and whether relief should be granted.
¶ 17. REVERSED AND REMANDED.
WALLER, C.J., CARLSON, P.J., AND DICKINSON, J., CONCUR. GRAVES, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, CHANDLER AND PIERCE, JJ. KITCHENS, J„ CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION.

. Miss.Code Ann. § 47-5-193 (Rev.2004).

. Miss.Code Ann. § 99 — 39-5(l)(c) (Rev.2007).

. Miss.Code Ann. § 99-39-21(1) (Rev.2007).

. Smith v. State, 477 So.2d 191, 195 (Miss.1985).

. Jones v. City of Meridian, 552 So.2d 820, 824 (Miss.1989); U.S. Const. amend. XIV § 1.

. Willie v. State, 738 So.2d 217, 219 (Miss.1999) (quoting Menna v. New York, 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975)).

. See Miss.Code Ann. § 47-5-193 (Rev.2004).

. Compare Miss.Code Ann. § 47-5-193 (Rev. 2004) and Miss.Code Ann. § 47-5-193 (Supp. 2010).

. The State also argues that this Court is procedural!/ barred from considering Fulg-ham’s vagueness argument, because she asserts it for the first time on appeal. We find that Fulgham did raise the vagueness argument in her petition for post-conviction relief before the trial court.

. Jones, 552 So.2d at 824.

. Edwards v. State, 800 So.2d 454, 460 (Miss.2001).

. Id. at 461.

. Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983).

. Jordan v. De George, 341 U.S. 223, 231-32, 71 S.Ct. 703, 95 L.Ed. 886 (1951).

. Christina Lockwood, Defining Indefiniteness: Suggested Revisions to the Void for Vagueness Doctrine, 8 Cardozo Pub.L. Pol’y & Ethics J. 225 (2010).

. Compare Mayor & Bd. of Aldermen, City of Clinton v. Welch, 888 So.2d 416 (Miss.2004) (determining statute is facially vague), with Lewis v. State, 765 So.2d 493 (Miss.2000) (determining statute is not vague as applied to defendant's conduct).

. Cash Distrib. Co. v. Neely, 947 So.2d 286, 294 (Miss.2007).

. U.S. v. Nat’l Dairy Prods. Corp., 372 U.S. 29, 31-32, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963).

. Id. at 33, 83 S.Ct. 594; see also U.S. v. Mazurie, 419 U.S. 544, 550, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975) ("It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand.”)

. Nat'l Dairy Prods., 372 U.S. at 37, 83 S.Ct. 594.

. Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982).

. Id. at 495, 497, 102 S.Ct. 1186.

. Id. at 499, 102 S.Ct. 1186.

. Id.

. Kolender v. Lawson, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983).

. Id. at 358, 361-62, 103 S.Ct. 1855.

. City of Chicago v. Morales, 527 U.S. 41, 55, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999) (plurality opinion).

. Roark & Hardee LP v. City of Austin, 522 F.3d 533, 548 (5th Cir.2008) (If the statute implicates a constitutional right, then the Court must apply a stricter vagueness test, i.e., a facial analysis.).

. Id. at 551.

. Id. at 553.

. Id. at n. 21 (quoting U.S. v. Gaudreau, 860 F.2d 357, 359 (10th Cir.1988)).

. Miss.Code Ann. § 47-5-193 (Rev.2004) (emphasis added).

. Roark, 522 F.3d at 553.

. We note that Justice Kitchens is correct in his assertion that the statute does not specify who determines whether an electronic device is “unauthorized.” But the only reasonable interpretation is that the entity having custody of the inmate determines what is "unauthorized.”