FAIR, J.,
for the Court:
¶ 1. Alfred Hicks, while an inmate in custody of the Mississippi Department of Corrections, was indicted for possession of a cell phone in violation of Mississippi Code section 47-5-193. He entered a guilty plea and was sentenced on June 26, 2008.
¶ 2. Hicks waited four years to file a motion for post-conviction relief (PCR) to vacate and set aside his conviction and sentence. Finding his motion untimely and that there existed no exception to the statutory-time bar, the trial court dismissed the motion. Aggrieved, Hicks appeals to this Court. We find no error and affirm the trial court’s judgment.
STANDARD OF REVIEW
¶ 3. When this Court reviews the trial court’s dismissal of a PCR motion, we “will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised[,] the applicable standard of review is de novo.” Terry v. State, 755 So.2d 41, 42 (¶ 4) (Miss.Ct.App.1999).
¶ 4. The proper interpretation of statutes is reviewed de novo. Tillis v. State, 43 So.3d 1127, 1131 (¶ 9) (Miss.2010). In statutory interpretation:
The first question is whether the statute is ambiguous. When a statute is unambiguous, this Court applies the plain meaning of the statute and refrains from the use of statutory construction principles. The Court may not enlarge or restrict a statute where the meaning of the statute is clear. In interpreting statutes, this Court’s primary objective is to employ that interpretation which best suits the legislature’s true intent or meaning.
(citations omitted).
DISCUSSION
¶ 5. Hicks had three years from the entry of the judgment of his conviction to file a PCR motion pursuant to Mississippi Code Annotated section 99-39-5(2) (Supp. 2012). Generally, claims made outside of the three-year statute of limitations must raise one of the exceptions found in Mississippi Code Annotated section 99-39-5(2)(a)-(b). “Accordingly, we must look to see whether an exception to these procedural bars applies. The movant bears the burden of showing he has met a statutory exception.” Bell v. State, 95 So.3d 760, 763 (¶ 10) (Miss.Ct.App.2012) (citation omitted).
¶ 6. Also, “errors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act].” Rowland v. State, 42 So.3d 503, 506 (¶ 9) (Miss.2010). However, mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar. Chandler v. State, 44 So.3d 442, 444 (¶ 8) (Miss.App.Ct.2010). “There must at least appear to be some basis for the truth of the claim before the [procedural bar] will be waived.” Id. (emphasis added).
¶ 7. While admitting that his motion was filed after the time-bar had arisen, Hicks asserts that the statute under which he was convicted is unconstitutionally vague beyond a reasonable doubt and, therefore, the procedural bar does not apply. He limited his motion, as well as this appeal, to the issue of the constitutionality *962 of the statute under which he was convicted.
¶ 8. In Fulgham v. State, 47 So.3d 698 (Miss.2010), our supreme court addressed the constitutionality of an earlier version of Mississippi Code Annotated section 47-5-193 in great depth. The issue in that case was whether the statute was “void for vagueness.” Fulgham, 47 So.3d at 700 (¶ 7). That version of section 47-5-193 criminalized furnishing an inmate with an “unauthorized electronic device.” Id. at 703 (¶ 14). In that case, the electronic devices were a cell phone and charger. Id. at 699 (¶ 2). Fulgham pled guilty and thereafter, in a PCR motion, argued that failure to include that wording in the statute made it impermissibly vague, since the words “cell phone” and “charger” did not appear in the statute. See id. at (¶ 3).
¶ 9. The law governing claims of “void-for-vagueness” unconstitutionality of a statute was set out in detail in three separate opinions in Fulgham and requires no repetition. Moreover, as the opinions recognized, the statute has been amended twice so as to correct any vagueness in its terms. It now includes the terms “cell phone” and “charger.”
¶ 10. When Hicks was indicted and convicted on his guilty plea, the statute, as amended, clearly prohibited an “offender” from possessing a “cell phone.” The statute read:
It is unlawful for any officer or employee of the department, of any county sheriffs department, of any private correctional facility in this state in which offenders are confined, of any municipal or other correctional facility in this state, or for any other person or offender to possess, furnish, attempt to furnish, or assist in furnishing to any offender confined in this state any weapon, deadly weapon, unauthorized electronic device, contraband item, or cell phone or any of its components or accessories.
Miss.Code Ann. § 47-5-193 (Rev.2011) (emphasis added).
¶ 11. Hicks has not shown the statute to be unconstitutionally vague beyond a reasonable doubt. He simply argues it is vague on its face. We find it is not. The judgment of the trial court is, therefore, affirmed.
¶ 12. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.