FAIR, J.,
for the Court:
¶ 1. Robert Williams led police on a fourteen-mile chase through the Jackson suburbs that ended when he ran a red light and struck another vehicle, killing its driver. Williams was tried for vehicular evasion causing death. The theory of his defense was that the pursuing officers were actually responsible for the outcome. Williams was convicted, and he appeals. We affirm.
FACTS
¶ 2. The morning of February 5, 2012, a Sunday, the manager of the Kroger grocery store on County Line Road in Ridge-land, Mississippi, observed a male (Williams) and a female accomplice attempting to steal two carts of meat and seafood, valued at about $600. The manager called the police and prevented the couple from taking the items, but he did not stop them from leaving the store. The two left in the same vehicle, which had no license plate.
¶ 3. Williams was driving. As he was leaving, two vehicles from the Ridgeland Police Department were arriving. Williams drove aggressively toward one of the police cars and turned away from it at the last second to exit the parking lot. The police pursued with their sirens and flashing lights activated. One officer used a loudspeaker to command Williams to stop, to no avail.
¶ 4. Williams drove through a red light and turned onto Lake Harbor Drive, proceeding east onto Spillway Road. As Williams did this, he narrowly missed two vehicles preparing to turn at an intersection. On the spillway road, Williams exceeded 80 miles per hour and, at times, drove on the shoulder to pass slower traffic. Williams continued into Rankin County, running a stop sign and racing past police vehicles that attempted to block his way. Authorities from Rankin County joined in the efforts to stop Williams; eventually there were four or five police vehicles in pursuit.
¶ 5. When Williams reached Highway 471, he turned onto the Highway 25 West ramp, toward Jackson, proceeded up the ramp a short distance, then made an abrupt turn back the way he came. During this maneuver, one of the pursuing police cars struck Williams’s vehicle, but Williams managed to make a complete circle and get back onto the ramp toward Jackson. On Highway 25, Williams reached more than 100 miles per hour. When he came to the intersection ■ with *66 Grants Ferry Road, Williams had a red light. Traffic was stopped in the two westbound lanes of Highway 25, so Williams attempted to proceed through the intersection by way of the right turn lane, which was unoccupied. At this point Williams was traveling at about 60 miles per hour.
¶ 6. At the same time, Milinda Clark was on the way to pick up her children from Sunday school. She had the right of way, so she entered the intersection from Grants Ferry Road and passed in front of Williams’s vehicle as he was running the red light. Williams hit the brakes, but he was only able to slow to an estimated 54 miles per hour when he struck Clark’s vehicle on its driver’s side. Clark died at the scene from blunt force injuries sustained in the collision. Williams and his passenger apparently did not suffer serious injury. Williams was pulled from his car and arrested.
¶ 7. Williams was charged with evasion causing death. At trial, he did not contest the fact that he had fled the police pursuit after attempting to shoplift. The theory of Williams’s defense was that Clark’s death • had “resulted” — according to the statute[1] —from the pursuit, rather than his flight. He was convicted and sentenced to forty years’ imprisonment, as a habitual offender.
DISCUSSION
1. Constitutionality of the Statute / Sufficiency of the Indictment
¶ 8. In his first issue, Williams makes various constitutional challenges to the charges against him. He first contends that the evasion statute is unconstitutionally vague.
¶ 9. As a threshold issue, the State contends that this claim is barred because Williams’s motion in the trial court was untimely. However, in Fulgham v. State, 47 So.3d 698, 700 (¶ 6) (Miss.2010), a four-justice plurality held that vagueness claims are exempt from procedural bars, and the other two opinions in the case, comprising the remainder of the court, assumed the same result. Therefore we find that this issue is exempted from the procedural bar.
¶ 10. The United States Supreme Court’s approach to the vagueness doctrine has been unclear (or inconsistent) as to whether the statute should be examined on its face or as it applies to the defendant. In Fulgham, 47 So.3d at 702-703 (¶¶ 13-14), the four-justice plurality held that Mississippi should apply the Fifth Circuit’s interpretation of the doctrine outlined in Roark & Hardee LP v. City of Austin, 522 F.3d 533, 548-53 (5th Cir.2008). Both parties to this appeal agree that this Court should follow the plurality in resolving Williams’s claim, so we will do so; though it does not matter because Williams fails to substantiate either a facial or as-applied challenge to the statute.
¶ 11. The Fulgham plurality recited the analysis as follows:
1. The court must consider whether the statute affects a constitutional right.
2. If the statute implicates no constitutionally protected right, the court should consider whether the statute is imper-missibly vague in all of its applications, applying the statute to the complainant’s conduct before considering any hypothetical scenarios. In applying the statute to the facts at hand, the court must consider whether the complainant had notice of what conduct is prohibited and whether law enforcement had definite standards to avoid arbitrary enforcement. “The same facets of a statute usually raise concerns of both fair notice *67 and adequate enforcement standards. Hence the analysis of these two concerns tends to overlap.”
Fulgham, 47 So.3d at 702 (¶ 13) (quoting Roark, 522 F.3d at 553 n. 21) (citations and internal quotation marks omitted). Furthermore, “[a]ll doubts must be resolved in favor of the validity of a statute.” Edwards v. State, 800 So.2d 454, 461 (¶ 10) (Miss.2001) (citation omitted). “A party challenging the constitutionality of a statute must prove his ease by showing the unconstitutionality of the statute beyond a reasonable doubt.” Id. at 460 (¶ 10).
¶ 12. Mississippi Code Annotated section 97-9-72 (Rev.2006) provides in relevant part:
(1) The driver of a motor vehicle who is given a visible or audible signal by a law enforcement officer by hand, voice, emergency light or siren directing the driver to bring his motor vehicle to a stop when such signal is given by a law enforcement officer acting in the lawful performance of duty who has a reasonable suspicion to believe that the driver in question, has committed a crime, and who willfully fails to obey such direction shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine not to exceed One Thousand Dollars ($1,000.00) or -imprisoned in the county jail for a term not to exceed six (6) months, or both.
(2) Any person who is guilty of violating subsection (1) of this section by operating a motor vehicle in such a manner as to indicate a reckless or willful disregard for the safety of persons or property, or who so operates a motor vehicle in a manner manifesting extreme indifference to the value of human life, shall be guilty of a felony, and upon conviction thereof, shall be punished by a fine not to exceed Five Thousand Dollars ($5,000.00), or by commitment to the custody of the Mississippi Department of Corrections for not more than five (5) years, or both.
[[Image here]]
(4) Any person who is guilty of violating subsection (1) of this section, which violation results in the death of another, upon conviction shall be committed to the custody of the Department of Corrections for not less than five (5) nor more than forty (40) years.
¶ 13. The first step in our analysis is to determine whether the statute affects a constitutional right. Williams contends that the statute denied him the right to a fair trial, but that argument could be made about any criminal statute. He misconstrues of the first prong of the Roark analysis, which refers to whether the statute being challenged has “the capacity to chill constitutionally protected conduct, especially conduct protected by the First Amendment.” Roark, 522 F.3d at 546 (citations omitted). Thus we find that Williams has failed to show that a constitutional right is impacted by the statute.
¶ 14. The next step under Roark is to determine whether the statute is imper-missibly vague as applied to Williams’s conduct. “In undertaking that analysis, however, a reviewing court should examine the complainant’s conduct before analyzing other hypothetical applications of the law because a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.” Id. (citation and quotation marks omitted). The relevant question is whether the wording of the statute “provides a sufficient warning as to the proscribed conduct when measured by common understanding and practices.” Walker v. State, 881 So.2d 820, 825 (¶ 6) (Miss.2004) (citation and quotation marks omitted).
¶ 15. Williams makes several arguments on this point, none of which are well *68 developed. He contends, without explanation or argument, that the statute is “confusing” and that it “[does] not make clear the distinction between the intention to flee and a person’s death ensuing because of an unreasonable pursuit.” We see no merit to these contentions as presented.[2] Williams also claims that the statute fails to define “reckless or willful disregard for the safety of persons or property.”[3] Again no real argument is presented, and we find that reckless and willful are plain, ordinary words. The meanings are also firmly established in our jurisprudence. See, e.g., Barnes v. State, 249 Miss. 482, 484-85,162 So.2d 865, 866 (1964) (elaborating on the offense of reckless driving, which was (and still is) defined by statute as “either a wilful or a wanton disregard for the safety of persons or property”).
¶ 16. We find no unconstitutional vagueness has been shown either on the face of the statute or as applied to Williams’s case.
¶ 17. Williams also contends his indictment was insufficient for largely the same reasons. He adds the contention that the indictment should have “clarifi[ed] that a finding of felony evasion must be made before the question of the cause of another’s death may be determined by the jury to enhance the punishment.” (Emphasis in original). Again, Williams has failed to provide argument or authority in support, and we find no merit to this claim.
2. Sufficiency and Weight of the Evidence
¶ 18. In this issue Williams contends that his conviction was both unsupported by sufficient evidence and against the overwhelming weight of the evidence. See Bush v. State, 895 So.2d 836, 843-45 (¶¶ 16-19) (Miss.2005) (outlining the relevant standards).
¶ 19. Our analysis of this issue is complicated by the fact that Williams’s indictment contains superfluous allegations. The offense of evading law enforcement, in a motor vehicle, causing death, is defined by Mississippi Code Annotated section 97-9-72(4) to include the elements of subsection (1); but Williams’s indictment and the jury instructions also included the allegations that the operation of the vehicle was “in such a manner as to indicate a reckless or willful disregard for the safety of persons or property” and “in a manner manifesting extreme indifference to the value of human life.” This is language from subsection (2) of the statute, which is not required for conviction under subsection (4). In fact, the indictment is even more stringent than subsection (2), which requires only reckless or willful disregard for others’ safety or extreme indifference to the value of human life. Williams does not allege that merely giving this more stringent instruction was reversible error, though he does argue that the evidence was not sufficient to meet its additional requirements. We conclude that, irrespective of whether the prosecution actually had to prove the superfluous elements (a point not explored by Williams), his contention is without merit. Given the facts as we have recounted above, the proof was overwhelming that Williams both recklessly disre *69 garded others’ safety and manifested an extreme indifference to the value of human life.
1120. Williams’s only other serious argument on these issues is his contention that the jury could not find him “100% at fault” for Clark’s death, given the alleged unreasonableness of the police pursuit. In this contention and elsewhere in his brief, Williams begs the questions of whether and under what circumstances an unreasonable pursuit is a defense under subsection 97-9-72(4). He repeatedly assumes, without providing any authority or argument, that a defendant must be “100% at fault” or the “sole proximate cause” of the death in order to be convicted. Instead, the statute simply states that one is guilty under subsection (4) if his evasion “results” in the death of another. Williams would not be helped even if we assume, by analogy to the common-law felony murder rule, that criminal liability can be avoided for deaths that result from the evasion but are not proximately caused by it.
¶21. Contrary to Williams’s assumptions, it is well established that an event can have more than one proximate cause. See, e.g., Hill v. Columbus Ice Cream & Creamery Co., 230 Miss. 634, 641-42, 93 So.2d 634, 636 (1957). The fact that there was another proximate cause of the death would not be a defense unless it was an intervening, superseding cause. See, e.g., Glover v. Jackson State Univ., 968 So.2d 1267, 1279-80 (¶43) (Miss.2007).
¶ 22. Williams’s flight was a direct and proximate cause of Clark’s death; he recklessly hit her with his vehicle and killed her. Even if we assume the police pursuit was unreasonable, it cannot be said to be a superseding cause since it was not an “independent intervening agency,” but instead was a natural and foreseeable response to Williams’s flight. See Robinson v. Howard Bros. of Jackson, Inc., 372 So.2d 1074, 1075 (Miss.1979).
¶ 23. We find that Williams’s conviction is supported by sufficient evidence and is not against the overwhelming weight of the evidence.
3. Lesser-included Offense Instruction
¶24. Finally, Williams contends the trial court erred in refusing jury instructions offered by the defense that would, have allowed the jury to convict him of the lesser-included offense of felony evasion, under subsection (2) of Mississippi Code Annotated section 97-9-72.[4] To do so, the jury would have had to find that Clark’s death did not “result” from Williams’s flight. Although Williams was denied the instruction, he was allowed to argue at length that the police were actually responsible for Clark’s death.
¶ 25. “To warrant the lesser-included offense instruction, a defendant must point to some evidence in the record from which a jury could reasonably find him not guilty of the crime with which he was charged and at the same time find him guilty of a lesser-included offense.” Goodnite v. State, 799 So.2d 64, 69 (¶ 24) (Miss. 2001). As we explained above, the State only had to prove that Clark’s death “resulted” from Williams’s flight. The proof was overwhelming and uncontested that it did.
¶26. Williams, while fleeing from the police, hit Clark’s vehicle after blindly running a red light at 60 miles per hour. No reasonable jury could conclude that the *70 police pursuit was an intervening, superseding cause of Clark’s death so as to excuse Williams from criminal liability. He was not entitled to a lesser-included offense instruction without any evidentiary support. This issue is without merit.
¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY OF CONVICTION OF EVASION CAUSING DEATH AND SENTENCE AS A HABITUAL OFFENDER OF FORTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT THE POSSIBILITY OF PAROLE, PROBATION, OR SUSPENSION OR REDUCTION OF SENTENCE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.

. See Miss.Code Ann. § 97-9-72(4) (Rev. 2006).

. We will explore the relevance of the allegedly unreasonable police pursuit more thoroughly in another issue.

. This argument is relevant because Williams’s indictment included the superfluous allegation that his driving was reckless, as would be required under subsection (2) of the statute. Subsection (4) has no recklessness requirement; it requires only that the death results from the evasion.

. Subsection (2) would not ordinarily be a lesser-included offense of subsection (4), but, as we explained above, Williams was indicted with the extra elements. For this issue we assume subsection (2) was actually a lesser-included offense in this specific instance.