# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2012-KA-01853-COA

CARL ANTHONY HOUSTON                                    APPELLANT

v.

STATE OF MISSISSIPPI                                      APPELLEE

DATE OF JUDGMENT:            09/12/2012
TRIAL JUDGE:                 HON. VERNON R. COTTEN
COURT FROM WHICH APPEALED:   LEAKE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      EDMUND J. PHILLIPS JR.
ATTORNEY FOR APPELLEE:       OFFICE OF ATTORNEY GENERAL
                             BY: LAURA H. TEDDER
NATURE OF THE CASE:          CRIMINAL - FELONY
TRIAL COURT DISPOSITION:     CONVICTED OF POSSESSION OF
                             CONTRABAND IN A CORRECTIONAL
                             FACILITY AND SENTENCED TO FIFTEEN
                             YEARS IN THE CUSTODY OF THE
                             MISSISSIPPI DEPARTMENT OF
                             CORRECTIONS, WITH FIVE YEARS
                             SUSPENDED
DISPOSITION:                 AFFIRMED: 11/04/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., ROBERTS AND CARLTON, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.    Carl A. Houston Jr. was convicted and sentenced for the possession of contraband in

a correctional facility, pursuant to Mississippi Code Annotated section 47-5-193 (Rev. 2011).

In this appeal, Houston argues that section 47-5-193 is unconstitutionally vague and that the

court erred in sentencing him.

¶2.    On March 3, 2012, Houston was incarcerated in Leake County Regional Correctional

Facility. Antwon Pankey, a guard at the facility, searched Houston after he had completed his visitation with his girlfriend. Pankey felt something hard in the back pocket of Houston's pants, and he reached into Houston's pants pocket and pulled out a Subscriber Information Module (SIM) card, which is used in cellular phones. A SIM card is contraband under the facility's rules. Pankey took the SIM card and Houston to the booking officer, Jimmy Price. Price testified that Houston was a county inmate, and he had been at the facility since January 2012. Price placed the SIM card in an evidence envelope.

¶3. Houston denied the charges. Houston testified that he did not have a SIM card in his back pocket and that no one gave him a SIM card.

¶4. Houston was convicted for the possession of contraband while confined in the Leake County Regional Correctional Facility, in violation of section 47-5-193. It is from this judgment that Houston now appeals.

ANALYSIS

1. *Due Process*

¶5. In his first issue, Houston claims that he was denied due process because section 47-5-193 is unconstitutionally vague. Specifically, Houston contends that the statute is unconstitutionally vague because the designation of "offender" does not include him. He argues that he was incarcerated at the facility as an *accused* and not as an *offender*.

¶6. The State responds that the statute was not unconstitutionally vague. Instead, the statute clearly prohibited "any other person or offender" from "possess[ing] . . . [a] contraband item." The State argues that the statute included Houston, and thus, he was properly convicted under section 47-5-193.

2

¶7. "Because there is a strong presumption that a legislative enactment is valid, the party challenging a statute's constitutionality must prove his case beyond a reasonable doubt." *Fulgham v. State*, 47 So. 3d 698, 701 (¶8) (Miss. 2010). And "[a]ll doubts are resolved in favor of the validity of the statute." *Id.* The United States Supreme Court has ruled that the test for the void-for-vagueness doctrine "is whether the language conveys sufficiently definite warnings as to the proscribed conduct when measured by common understanding and principles." *Id.*

¶8. At the time of the offense, Mississippi Code Annotated section 47-5-193 (Rev. 2011) provided:

> It is unlawful for any officer or employee of the department, of any county sheriff's department, of any private correctional facility in this state in which offenders are confined or for any other person or offender to possess, furnish, attempt to furnish, or assist in furnishing to any offender confined in this state any weapon, deadly weapon, unauthorized electronic device, cell phone, or any of its components or accessories to include, but not limited to, Subscriber Information Module (SIM) cards, chargers, etc., or contraband item. It is unlawful for any person or offender to take, attempt to take, or assist in taking any weapon, deadly weapon, unauthorized electronic device, cell phone or any of its components or accessories to include, but not limited to, Subscriber Information Module (SIM) cards, chargers, etc., or contraband item on property belonging to the department which is occupied or used by offenders, except as authorized by law.

¶9. Houston argues that the statute's designation of "offender" does not apply to him. Instead, he claims that he was in the facility merely as an "accused" and not an "offender." Mississippi Code Annotated section 47-5-4 (Rev. 2011) defines an "offender" as "any person convicted of a crime or offense under the laws and ordinances of the state and its political subdivisions." However, section 47-5-193 makes it unlawful "for any . . . person or offender" to possess a SIM card in a correctional facility. Accordingly, we find no merit to

3

this issue.

       2.     *Sentencing*

¶10.   Houston next argues that he should have been sentenced as a non-offender under Mississippi Code Annotated section 47-5-192 (Rev. 2011). Because we hold that Houston was in violation of Mississippi Code Annotated section 47-5-193, the circuit court did not err in sentencing him under Mississippi Code Annotated section 47-5-195 (Rev. 2011) rather than section 47-5-192. Section 47-5-195 provides that "[a]ny person who violates any provision of Section 47-5-193 . . . shall be guilty of a felony and upon conviction shall be punished by confinement in the Penitentiary for not less than (3) years nor more than (15) years[.]" Houston was sentenced to serve fifteen years with five years suspended. We find no error in his sentence.

¶11.  **THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF CONTRABAND IN A CORRECTIONAL FACILITY AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS SUSPENDED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.**

     **LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**

4