# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00740-COA

**RANSOM LEVI MATHENY**                                          APPELLANT

v.

**STATE OF MISSISSIPPI**                                          APPELLEE

DATE OF JUDGMENT:                 04/23/2018
TRIAL JUDGE:                      HON. PRENTISS GREENE HARRELL
COURT FROM WHICH APPEALED:        MARION COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:           RANSOM LEVI MATHENY (PRO SE)
ATTORNEY FOR APPELLEE:            OFFICE OF THE ATTORNEY GENERAL
                                  BY: LAURA HOGAN TEDDER
NATURE OF THE CASE:               CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                      AFFIRMED - 01/14/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE J. WILSON, P.J., WESTBROOKS AND McDONALD, JJ.**

**McDONALD, J., FOR THE COURT:**

¶1.     On April 19, 2013, a Marion County grand jury indicted Ransom Levi Matheny on

three counts of child exploitation under Mississippi Code Annotated section 97-5-33(6)

(Supp. 2007).  On September 30, 2013, Matheny pleaded guilty to two counts of child

exploitation under section 97-5-33(6).  The court sentenced Matheny to two concurrent forty-

year terms, with twenty years to serve in the custody of the Mississippi Department of

Corrections and twenty years' post-release supervision.  Matheny filed a motion for post-

conviction collateral relief (PCR), which the trial court denied.  Matheny appeals, arguing

that section 97-5-33(6) was unconstitutional and that his indictment was defective.  Finding

no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On April 19, 2013, a Marion County grand jury indicted Matheny on three counts of child exploitation under section 97-5-33(6).  Count One involved a child, R.C.M.,[1] who was fourteen years of age at the time; Count Two involved W.W., who was also fourteen years of age at the time; and Count Three involved C.W., who was thirteen years of age at the time. On September 30, 2013, Matheny executed a sworn "Petition to Enter Plea of Guilty" to Counts One and Two of the indictment against him.  The State caused the entry of nolle prosequi for the charge in Count Three with the court's consent.  The court ordered a pre-sentence investigation report and set a hearing date for Matheny's sentencing.  The hearing was held on October 21, 2013.  The court reviewed the pre-sentence investigation report and the twenty-six letters submitted on behalf of and in support of Matheny, and the court held conferences with representatives of the victims, Matheny's family members, the district attorney, and defense counsel.  Following the conferences, the court sentenced Matheny to two concurrent forty-year terms, with twenty years to serve in the custody of the Mississippi Department of Corrections and twenty years' post-release supervision.

¶3.     On September 16, 2016, Matheny timely filed a PCR motion, claiming that his indictment was defective, that he received ineffective assistance of counsel, and that his sentence was disproportionate in violation of the Eighth Amendment.[2]  On April 23, 2018,

---

[1] We use initials to protect the identities of the victims.

[2] U.S. Const. amend. VIII.

the trial court entered its judgment denying and dismissing Matheny's PCR motion. On May 21, 2018, Matheny filed his notice of appeal. On appeal, Matheny does not raise or brief the issue of ineffective assistance of counsel; therefore, this Court will not address that issue. M.R.A.P. 28(a).

## STANDARD OF REVIEW

¶4.     "We review the dismissal or denial of a PCR motion for abuse of discretion. We will only reverse if the circuit court's decision is clearly erroneous. When reviewing questions of law, our standard is de novo." *Kennedy v. State*, No. 2016-CP-00755-COA, 2019 WL 1349682, at *2 (¶12) (Miss. Ct. App. Mar. 26, 2019), *cert. denied*, 279 So. 3d 1087 (Miss. 2019). "The PCR movant bears the burden of showing he is entitled to relief by a preponderance of the evidence." *Webster v. State*, 152 So. 3d 1200, 1203 (¶5) (Miss. Ct. App. 2014).

## ANALYSIS

### I.     Whether Mississippi Code Annotated section 97-5-33(6) was unconstitutional as applied.

¶5.     Matheny argues that Mississippi Code Annotated section 97-5-33(6) is unconstitutional. Matheny was indicted and pleaded guilty to two counts of child exploitation pursuant to section 97-5-33(6), which provides that "[n]o person shall, by any means including computer, knowingly entice, induce, persuade, seduce, solicit, advise, coerce, or order a *child* to meet with the defendant or any other person for the purpose of engaging in sexually explicit conduct." (Emphasis added). Matheny argues that the statute is unconstitutional because (1) it violated his Fourteenth Amendment right to equal

protection,[3] (2) it is vague and therefore void, and (3) it provides for a grossly disproportionate sentence. Each issue is addressed separately below:

> **A.** **Whether Matheny's prosecution under section 97-5-33(6) violated his Fourteenth Amendment right to equal protection under the law.**

¶6. Matheny argues that he was denied equal protection under the law because police and prosecutors selectively enforce section 97-5-33 against adult offenders but not against juveniles. Matheny contends that W.W. sent a sexually explicit photograph of herself to him; therefore, she committed the crime of exploitation. We disagree.

¶7. "Generally, to establish an equal protection claim the plaintiff must prove that similarly situated individuals were treated differently." *Wheeler v. Miller*, 168 F.3d 241, 252 (5th Cir. 1999). "Unless a suspect class or fundamental right is involved, we generally employ the rational basis test in deciding equal protection claims." *Id.* "Selective prosecution, if based on improper motives, can violate the equal protection clause of the fourteenth amendment." *United States v. Kahl*, 583 F.2d 1351, 1353 (5th Cir. 1978). Therefore, in order to bring a selective prosecution claim "the defendant must show: first, that others similarly situated generally have not been prosecuted; and second, that the Government's prosecution of him is selective, invidious, in bad faith or based on impermissible considerations such as race, religion, or his exercise of constitutional rights." *Id.* "A selective-prosecution claim is an independent assertion of misconduct by a prosecutor and not a defense on the merits to the criminal charge itself." *Hutto v. State*, 227 So. 3d 963, 989 (¶89) (Miss. 2017). "In order

---

[3] U.S. Const. amend XIV, §1.

4

to succeed in a selective-prosecution claim, there must be clear evidence to rebut the presumption that the prosecutor acted lawfully." *Id.* The State has no initial burden to show a rational basis for convicting Matheny under the subject statute; rather, Matheny must "clearly show that the prosecution acted unlawfully based on arbitrary standards." *Id.*

¶8.     Here, Matheny has failed to show the first factor—that he is similarly situated to the minor children. In fact, it is unconscionable for Matheny, an adult, to be similarly situated to the very group (i.e., children) that the statute is explicitly designed to protect from exploitation. In *Shaffer v. State*, 72 So. 3d 1070, 1072 (¶5) (Miss. 2011), the supreme court held that "Mississippi's child exploitation statute [section 97-5-33] is violated when one attempts to exploit a child." Mississippi Code Annotated section 97-5-31(a) (Rev. 2006) provides that for sections 97-5-33 to 97-5-37, a "'[c]hild' means any individual who has not attained the age of eighteen (18) years."[4] Matheny is not a child under the relevant statute;[5] therefore, it is not only unconscionable for the minor children to be prosecuted under section 97-5-33 for allegedly exploiting an adult, it is also impossible.

¶9.     Additionally, Matheny has not shown the second factor—that the State's prosecutions were selective or based on impermissible considerations. Matheny has not shown that the prosecutor acted unlawfully by prosecuting him for soliciting children to partake in sexually explicit acts and not prosecuting the children who were victims of his solicitation. "It is a

---

[4] *Shaffer*, 72 So. 3d at 1072 (¶7) (holding that the person being enticed does not have to be an actual minor; explaining it can be an undercover operative or a law enforcement officer posed as a child).

[5] Matheny admits in his brief that he is an adult pursuant to the statute.

fundamental principle of our criminal justice system that a prosecutor is afforded prosecutorial discretion over what charge to bring in any criminal trial." *Farris v. State*, 764 So. 2d 411, 435 (Miss. 2000). Matheny has not provided nor does the record support evidence to rebut the presumption that the prosecutor acted lawfully, not to mention the law is clear that failure to prosecute the child is in no way a defense to Matheny. In this instance, Matheny did not make out a prima facia case; therefore, this issue is without merit.

> *B.     Whether section 97-5-33(6) is vague and therefore void.*

¶10.     Matheny next argues that section 97-5-33(6) is void for vagueness because the phrase "no person shall" and the word "child" fail to provide persons of ordinary intelligence an opportunity to know whom the statute regulates or to know what is prohibited. There is nothing in the record before this Court indicating that this issue was raised in the trial court. Generally, an appellate court will not address issues raised for the first time on appeal. *Young v. State*, 270 So. 3d 175 (¶3) (Miss. Ct. App. 2018). But "an obvious error which was not properly raised by the defendant and which affects a defendant's fundamental, substantive right can be addressed under the plain-error doctrine." *Nolan v. State*, 182 So. 3d 484, 492 (¶28) (Miss. Ct. App. 2016). The supreme court has held that "[a] conviction under an unconstitutionally vague statute violates the Due Process Clause, and is an error affecting a fundamental constitutional right." *Id*. (quoting *Fulgham v. State*, 47 So. 3d 698, 700 (¶6) (Miss. 2010)). Thus, we will address this issue.

¶11.     The Legislature has the "power to create and define criminal offenses . . . ." *Pickett v. State*, 252 So. 3d 40, 48 (¶22) (Miss. Ct. App. 2018) (quoting *Wilcher v. State*, 227 So. 3d

890, 895 (¶28) (Miss. 2017)).  The Legislature also "has the power to define and punish any act as criminal unless limited by constitutional provisions." *Id.* "A statute is unconstitutionally vague and violates due process if 'persons of common intelligence must guess at its meaning and differ as to its application.'" *Id.* at (¶23).  "Likewise, a statute is void for vagueness if it 'encourages arbitrary and erratic arrests and convictions.'" *Id.*  In other words, "[t]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness so that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Nolan*, 182 So. 3d at 492 (¶30).

¶12.    As stated before, section 97-5-33(6) provides that "[n]o person shall, by any means including computer, knowingly entice, induce, persuade, seduce, solicit, advise, coerce, or order a child to meet with the defendant or any other person for the purpose of engaging in sexually explicit conduct."  Section 97-5-31(a) provides that for sections 97-5-33 to 97-5-37, a "'[c]hild' means any individual who has not attained the age of eighteen (18) years."

¶13.    "The test is whether the language conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *Nolan*, 182 So. 3d at 492 (¶30).  It is the challenging party's duty to "prove the statute's unconstitutionality beyond a reasonable doubt." *Id.* "Statutes are given a strong presumption of validity, and all doubts must be resolved in favor of the statute." *Id.*  Our supreme court has held that the following factors must be considered when addressing a void-for-vagueness argument:

1. The court must consider whether the statute affects a constitutional right.

2. If the statute implicates no constitutionally protected right, the court should consider whether the statute is impermissibly vague in all of its applications, applying the statute to the complainant's conduct before considering any hypothetical scenarios. In applying the statute to the facts at hand, the court must consider whether the complainant had notice of what conduct is prohibited and whether law enforcement had definite standards to avoid arbitrary enforcement.

*Nolan*, 182 So. 3d at 492 (¶31) (quoting *Fulgham*, 47 So. 3d at 702 (¶13)).

¶14.    Section 97-5-33(6) does not implicate a constitutionally protected right; thus, we analyze it under the facts of the present case by considering whether Matheny had notice of the prohibited conduct and whether law enforcement had definite standards to avoid arbitrary enforcement.

¶15.    In this case, it is clear that Matheny intended to do what the statute forbids. As indicated during Matheny's plea colloquy, when the court asked the State for the factual basis it stated:

> STATE:    [Matheny] did entice and seduce and solicit them by text messages, picture messages, and Facebook messages to meet with him to engage in sexually explicit conduct as to both RCM and WW. That act was to engage in the act of oral sex and sexual intercourse. . . . [Matheny] did admit to engaging in sexual conversations via text messages and Facebook messages with the two aforementioned victims. He admitted to sending and receiving naked photographs of the girls. He admitted to sending messages to them to meet with them to engage in oral sex and sexual intercourse.
>
> COURT:    Mr. Ransom Levi Matheny. You've heard that. Is that correct?
>
> MATHENY: Yes, sir.
>
> COURT:    . . . How do you plead?

8

MATHENY: I plead guilty, Your Honor.

Given Matheny's actions, we conclude that he was given sufficient notice that his conduct was prohibited. The statute explicitly defines who is considered a child. Likewise, "no person" means just what the plain language suggests, and this undoubtedly includes Matheny. No individual of common intelligence would have to guess at the statute's meaning or would differ as to its application.

¶16. In addition, the statute does not encourage arbitrary or erratic arrests. In *Fulgham*, the supreme court noted that "[t]he same facets of a statute usually raise concerns of both fair notice and adequate enforcement standards. Hence the analysis of these two concerns tends to overlap." *Fulgham*, 47 So. 3d at 702 (¶13). Here, this argument overlaps with Matheny's selective-prosecution argument in section I(A) of this opinion. For the reasons stated supra, Matheny did not make out a prima facia showing that the statute encourages arbitrary or erratic arrests. Thus, the statute is not unconstitutionally vague, and we find no plain error.

### C. Whether section 97-5-33(6) provides for a grossly disproportionate sentence.

¶17. By statute, any person who violates any provision of section 97-5-33 may be fined a maximum of $500,000 and a minimum of $50,000, and the person may be imprisoned for a maximum of forty years and a minimum of five years. Miss. Code Ann. § 97-5-35 (Rev. 2006). Here, Matheny pleaded guilty to two counts of child exploitation under section 97-5-33(6). This means that Matheny could have been sentenced to eighty years in prison. But instead, the trial court sentenced him to two concurrent forty-year terms, with twenty years to serve in prison, and he received a $25,000 fine. Therefore, Matheny's sentence was within

the statutory limits. "When a sentence falls within a range permitted by statute then it will not be disturbed on appeal." *Willis v. State*, 911 So. 2d 947, 951 (¶16) (Miss. 2005). The only exception is if there is proof of gross disproportionality. *Id.* Matheny argues that his sentences for the crimes he committed is grossly disproportionate to other sentences for sex crimes against children.

¶18. There is a two-step process to determine whether a lengthy sentence is unconstitutional. "First, the person seeking relief must show that the sentence itself leads to an inference of 'gross disproportionality.'" *Id.* "Generally, sentences that do not exceed the maximum punishment allowed by statute will not be considered grossly disproportionate and will not be disturbed on appeal, but in some circumstances, proportionality review of sentences is required." *Id.*; *Hoops v. State*, 681 So. 2d 521, 537 (Miss. 1996). Second, if an inference of gross disproportionality is shown, "[t]he United States Supreme Court has set out several factors in determining whether a sentence is disproportionate: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions." *Willis*, 911 So. 2d at 951 (¶17) (emphasis omitted) (quoting *Solem v. Helm*, 463 U.S. 277, 292-94 (1983)).

¶19. Assuming arguendo that Matheny has shown an inference of gross disproportionality, the United States Supreme Court also "requires that [proof of] all three factors . . . be presented by a defendant when determining the disproportionality of a sentence." *Id.* at (¶18). In *Willis*, our supreme court found that failure to address merely one of the above-

10

mentioned factors bars the claim:

> Upon a careful reading of Willis's brief, we conclude that Willis did not address the third prong of the *Solem* inquiry (the sentences imposed for commission of the same offense in other jurisdictions). This failure to address all the *Solem* factors bars Willis's claim on appeal.

*Willis*, 911 So. 2d at 951 (¶18).

¶20. Here, Matheny failed to address any of the prongs of the *Solem* factors. In his brief, he simply compares the punishments that Mississippi allows for other crimes against children. There was no mention or analysis of the gravity of the offense he was convicted of and the harshness of his sentence; the sentences imposed on other criminals in the same jurisdiction; the sentences imposed for commission of the same crime in other jurisdictions. Therefore, Matheny's gross disproportionality claim is barred on appeal.

## II. Whether the alleged defect in Matheny's indictment requires reversal.

¶21. Matheny contends that his indictment violated Article 6, Section 169 of the Mississippi Constitution, which provides in relevant part that "all indictments shall conclude 'against the peace and dignity of the state.'" While this phrase is required in an indictment, our appellate courts have held it to be "a matter of the form of the indictment," and this alleged defect is waived if the defendant fails to object before entering a valid guilty plea. *See Pegues v. State*, 214 So. 3d 1080, 1082 (¶5) (Miss. Ct. App. 2017) ("Such claims must be raised as a demurrer to the indictment and are waived by a valid guilty plea.") (citing *Brandau v. State*, 662 So. 2d 1051, 1054-55 (Miss. 1995)); *see also* Miss. Code Ann. § 99-7-21 (Rev. 2015).

¶22. In *Pegues* and *Brandau*, the courts affirmed the appellants' convictions because they did not object to the indictment prior to pleading guilty. *Pegues*, 214 So. 3d at 1082-83 (¶5); *Brandau*, 662 So. 2d at 1054-55. Likewise, in the case at bar, Matheny pleaded guilty to two counts of child exploitation. He did not object to the indictment before entering the guilty pleas. Therefore, the alleged defect in his indictment was waived by his valid guilty plea.

## CONCLUSION

¶23. For the foregoing reasons, we find that section 97-5-33 was not unconstitutional as applied and that the alleged defect in Matheny's indictment does not warrant reversal.

¶24. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**