IRVING, P.J.,
for the Court:
¶ 1. In March 2011, Lindsey Barrow pleaded no contest in Flowood Municipal Court to driving under the influence (DUI) and following too closely (tailgating). The municipal court found Barrow guilty of both offenses. Barrow appealed to the County Court of Rankin County, which found him guilty after a trial de novo. Barrow filed a motion for a judgment notwithstanding the verdict or a new trial, which the county court denied. He appealed to the Rankin County Circuit Court, which, sitting as an appellate court, affirmed his conviction. Barrow now appeals and argues that there is insufficient evidence to convict him of DUI and following too closely.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Barrow was visiting Jackson, Mississippi, with his girlfriend for a wedding one weekend in November 2010. Barrow and his girlfriend were staying at his girlfriend’s grandmother’s house. Barrow testified that before the wedding, he and everyone else at the house had about two glasses of wine while watching a football game. Barrow claims he consumed two glasses of wine and one and one-half beers at the wedding reception, which Barrow testified ended around 9:45 p.m. After-wards, Barrow’s girlfriend’s mother dropped them off in downtown Jackson, where the couple and their friends visited a few bars. After visiting the bars, the couple took a cab back to the house around midnight. Barrow claims that the reason they took a cab is because they did not have a ride, not because he felt too intoxicated to drive.
¶ 4. The couple arrived back at the house and, around 1:15 a.m., decided to venture out for food. Officer Jason Johns testified that he observed Barrow on Lake- *937 land Drive driving about fifty-five to sixty miles per hour, about a car length or less behind a sport-utility vehicle (STTV). Officer Johns followed Barrow to a stop light, where Barrow’s vehicle was halfway over the stop bar in the turning lane. He also noted that Barrow’s tag light was not working. Officer Johns waited for Barrow to make a turn and “blue-lighted” him. He testified that he approached the car and that Barrow reeked of alcohol. He had no doubt that Barrow was under the influence. Officer Johns asked Barrow if he would submit to a portable breathalyzer test (PBT) and a field-sobriety test. Barrow answered in the affirmative and complied.
¶ 5. Officer Johns testified that the PBT indicated that Barrow was intoxicated. On the videotape of the stop, Officer Johns and another officer can be heard saying that the PBT result was .15 percent and climbing. Next, Officer Johns asked Barrow to recite letters G through W. Officer Johns noted that with this test, Barrow began at letter H. Officer Johns then asked Barrow to count backwards from 61 to 49. He noted that Barrow did not stop counting until 48. Next, Barrow performed the one-leg-stand test; however, according to Officer Johns, his toe was not extended and his hands were not by his side. Officer Johns further testified that Barrow seemed to be using his hands for balance. On the walk-and-turn test, Barrow lost his balance on the third step and made an improper turn on the ninth step. At this time, Barrow was placed under arrest. Once at the police station, Barrow refused the Intoxilyzer test. Officer Johns testified that Barrow admitted in the In-toxilyzer room that he had consumed five glasses of wine and several beers that night.
¶ 6. Additional facts, as necessary, will be related in our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 7. Barrow contends that there is insufficient evidence to support his convictions. The Mississippi Supreme Court has held that when considering the sufficiency of the evidence sustaining a conviction, it must be determined whether every element of the offense existed beyond a reasonable doubt. Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005). If the facts and inferences considered in a suffi-eiency-of-the-evidence challenge “point in favor of the defendant on any element of the offense with sufficient force that reasonable [jurors] could not have found beyond a reasonable doubt that the defendant was guilty,” the proper remedy is to reverse and render. Gilpatrick v. State, 991 So.2d 130, 134 (¶ 20) (Miss.2008) (quoting Bush, 895 So.2d at 843 (¶ 16)). The evidence is viewed in the light most favorable to the prosecution. Bush, 895 So.2d at 843 (¶ 16). Mississippi Code Annotated section 63-11-30(l)(a),(c) (Supp.2012) makes it “unlawful for any person to drive or otherwise operate a vehicle ... who ... is under the influence of intoxicating liquor ... [or] has an alcohol concentration of eight one-hundredths percent (.08%) or more.... ”
¶ 8. Not only did Barrow admit to having several drinks that night, the PBT indicated that he was probably intoxicated. Officer Johns testified that after he asked Barrow to step out of his vehicle, Barrow was swaying back and forth at times and displayed signs of intoxication while performing the field-sobriety tests. Even though the G-through-W and 61-to^9 tests that Officer Johns asked Barrow to perform are not recognized by the National Highway Traffic Safety Administration, the signs from the other tests, the PBT *938 results, and the videotape all corroborate most of Officer Johns’s testimony and support his belief that Barrow was intoxicated. This is Barrow’s second DUI, and the fact that he refused the Intoxilyzer test at the police station was taken into consideration by the county court judge in his decision. Viewing this evidence in the light most favorable to the prosecution, there is nothing that points in favor of Barrow with the sufficiency required by Bush to cast doubt on his driving under the influence.
¶ 9. Mississippi Code Annotated section 63-3-619(1) (Rev.2004) states, in pertinent part, that “[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles....” There is no evidence on the videotape that Barrow was following the SUV in front of him too closely because the SUV did not get into the turning lane as Barrow did once the tape began to record. The county court’s reasoning for convicting Barrow on the offense is that Officer Johns made it clear from the start that Barrow’s following the SUV so closely was what drew his attention to Barrow. Further, Barrow offered no evidence to contradict Officer Johns’s testimony. Accordingly, the court did not err in its findings, and the evidence is sufficient to convict Barrow on both the DUI and tailgating offenses.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY AFFIRMING THE COUNTY COURT’S CONVICTION OF DRIVING UNDER THE INFLUENCE AND FOLLOWING TOO CLOSELY, AND SENTENCE OF FORTY-EIGHT HOURS IN THE RANKIN COUNTY JAIL WITH THE ENTIRE SENTENCE SUSPENDED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, FAIR AND JÁMES, JJ., CONCUR. ROBERTS AND MAXWELL, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., NOT PARTICIPATING.