JAMES, J., for the Court:
¶ 1. Kevin Lobo appeals the judgment of the Circuit Court of Madison County, which affirmed his conviction of driving under the influence (DUI) first offense, careless driving, and running a red fight. Lobo raises the following issues on appeal: (1) the circuit court erroneously denied his motion for a judgment notwithstanding the verdict (JNOV), as the evidence was insufficient to find him guilty of the charges beyond a reasonable doubt, and (2) the circuit court erroneously denied his motion to strike the State’s brief, as the brief was untimely filed. Finding no error, we affirm the judgment of the circuit court.
*150 FACTS AND PROCEDURAL HISTORY
¶ 2. On August 9, 2009, at around 2:30 a.m., Lobo was traveling westbound on County Line Road in Ridgeland, Mississippi. Officer Alex Pierce of the Ridgeland Police Department observed Lobo’s vehicle run over a concrete median in the middle of the road. Officer Pierce activated her blue lights and proceeded to follow Lobo on County Line Road. While following Lobo, Officer Pierce saw Lobo run a red light. After Lobo pulled the vehicle to the side of the road, Officer Pierce approached the vehicle and asked Lobo for his driver’s license and proof of insurance. According to Officer Pierce, when she approached the driver’s side of the vehicle, she noticed an odor of alcohol emitting from the vehicle’s interior. Officer Pierce stated that she also noticed that Lobo’s eyes were bloodshot red. Suspecting that Lobo was driving under the influence of alcohol, Officer Pierce called DUI Officer Steven Webb to the scene.
¶ 3. According to Officer Webb, upon arrival, he approached the driver’s side of Lobo’s vehicle and noticed an overwhelming odor of alcohol coming from inside the vehicle. Officer Webb asked Lobo if he had been drinking, and Lobo stated that he “had a few mixed drinks.” Officer Webb ordered Lobo to exit the vehicle, and administered a series of field sobriety tests. Each of the sobriety tests indicated that Lobo was intoxicated and was too impaired to operate a vehicle. Officer Webb placed Lobo under arrest and took him to the Ridgeland Police Department. After monitoring Lobo for twenty minutes, Officer Webb offered to administer an In-toxilyzer 8000 test. Lobo refused to take the test, claiming that he thought the test results would be inaccurate. Lobo was charged with DUI, first offense, refusal to submit to an Intoxilyzer test, careless driving, and running a red light.
¶ 4. On December 29, 2009, Lobo pled not guilty to each charge in the Municipal Court of Madison County. On March 8, 2010, Lobo received a trial de novo in the County Court of Madison County before a judge sitting without a jury. Lobo was found guilty of DUI, first offense, careless driving, and running a red light. The court ordered Lobo to pay a fine of $50 for running a red light, a fine of $25 for careless driving, and a fine of $1,000 for DUI, first offense. Lobo was also sentenced to forty-eight hours in the custody of the Madison County Sheriffs Department, with the sentence suspended upon completion of the Mississippi Alcohol Safety Education Program. Lobo subsequently filed a motion for a JNOV, or, in the alternative, a new trial. The county court denied the motion, and Lobo appealed to the Madison County Circuit Court.
¶ 5. Lobo filed a brief with the circuit court on January 2, 2011. On November 10, 2011, the court issued an order regarding the State’s failure to timely file a brief. In the order, the court ordered the State to file a brief within fourteen days of the date of the order. On January 20, 2012, the court issued an order to show cause due to the State’s failure to comply with the court’s previous order. During the show-cause hearing, the State was granted additional time to file its brief. The State thereafter filed its brief with the circuit court on January 31, 2012.
¶ 6. On February 10, 2012, Lobo filed a motion to strike the State’s brief on the ground that it was untimely filed. The circuit court denied the motion, and affirmed the judgment of the county court. From this judgment, Lobo now appeals.
STANDARD OF REVIEW
¶ 7. The findings of a circuit judge sitting without a jury are accorded the *151 same deference as those of a chancellor.” Knight v. State, 14 So.3d 76, 78 (¶ 4) (Miss. Ct.App.2009) (citing Doolie v. State, 856 So.2d 669, 671 (¶ 7) (Miss.Ct.App.2003)). Therefore, we will not reverse if the judge’s findings are supported by substantial, credible, and reasonable evidence. Id.
DISCUSSION
I. Sufficiency of the Evidence
¶ 8. Lobo argues that the circuit court erred in denying his motion for a JNOV, or, in the alternative, a new trial, because the evidence was insufficient to find him guilty beyond a reasonable doubt of DUI, first offense, careless driving, and running a red light. The critical inquiry in determining whether the evidence was sufficient to support a conviction is “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements beyond a reasonable doubt.” Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
¶ 9. Considering the evidence in the light most favorable to the State, we find that evidence was sufficient to support Lobo’s conviction on all three counts. Mississippi Code Annotated section 63-11-30(l)(a) (Rev.2004) makes it “unlawful for any person to drive or otherwise operate a vehicle within this state who ... is under the influence of intoxicating liquor.” Officer Pierce and Officer Webb both testified that on the night of Lobo’s arrest, they smelled alcohol emitting from Lobo’s vehicle. Officer Webb testified that during the field sobriety tests, Lobo exhibited physical signs of impairment. Officer Webb stated that he observed that Lobo’s eyes were bloodshot and glassy, and that his pupils were dilated. He also testified that Lobo’s speech was slurred. According to Officer Webb, in one of the field sobriety tests, Lobo exhibited three out of four clues indicating that he was intoxicated. In another sobriety test that was administered by Officer Webb, Lobo exhibited seven out of eight clues, and six out of six clues in another test. In addition, Lobo refused to submit to an Intoxilyzer test. “If a person under arrest refuses to submit to a chemical test under the provisions of this chapter, evidence of refusal shall be admissible in any criminal action under this chapter.” Miss.Code Ann. § 63-11-41 (Rev.2004). During trial, Lobo testified that he had consumed three alcoholic drinks prior to operating his vehicle on the night of the arrest. We find that, in light of these facts, any rational trier of fact could have found beyond a reasonable doubt that Lobo committed the offense of DUI, and he did so under such circumstances that every element of the offense existed. Thus, this issue is without merit.
¶ 10. As to the offenses of running a red light and careless driving, Lobo claims that he ran the red light simply to yield to Officer Pierce after she activated her blue lights; and, he accidently drove over the concrete median with one of his tires because he was unfamiliar with the area. Mississippi Code Annotated section 63-3-1213 (Rev.2004) provides that “[a]ny person who drives any vehicle in a careless or imprudent manner, without due regard for the width, grade, curves, corner, traffic and use of the streets and highways and all other attendant circumstances is guilty of careless driving.” Officer Pierce testified that she observed Lobo drive his entire vehicle over the concrete median. She also testified that after she saw Lobo run over the concrete median, she saw him run through a red light. Both Officer Pierce and Officer Webb stated that there was plenty of room for Lobo to pull over to the *152 side of the road and not run the red light. We reject Lobo’s argument that he ran the red light so that he could yield to Officer Pierce’s oncoming vehicle. By intentionally running through a red light, Lobo displayed careless disregard for his safety, as well as the safety of other motorists. Yielding to an oncoming vehicle is no excuse for violating the rules of Mississippi roads and endangering the lives of others. Therefore, we find that the evidence was sufficient to support Lobo’s convictions of running a red light and careless driving.
II. Motion to Strike the State’s Brief
¶ 11. Lobo contends that the circuit court erred by denying his motion to strike and allowing the State to file a late brief. We disagree. Sitting as an appellate court, the circuit court held that striking the State’s brief and dismissing the appeal would not be appropriate. The circuit court relied on a case recently handed down by this Court, which states the following in regard to an appellee’s failure to timely file a brief:
Generally, an appellee’s failure to file a brief with the appellate court is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and the brief of the appealing party, that there was no error. In order to merit reversal, the appellant’s argument should at least create enough doubt in the judiciousness of the trial court’s judgment that this Court cannot say with confidence that the case should be affirmed.
In re Estate of Dabney, 69 So.3d 71, 73 (¶4) (Miss.Ct.App.2011) (internal citations and quotation marks omitted) (quoting Taylor v. Kennedy, 914 So.2d 1260, 1261-62 (¶ 2) (Miss.Ct.App.2005)).
¶ 12. After reviewing the record, we cannot say that Lobo’s argument creates such doubt that this Court is unable to say with confidence that his convictions should be affirmed. Furthermore, the Mississippi Supreme Court has declined to accept a party’s failure to submit a brief as a confession of error where the case involves an issue affecting the interest of the public. Sanders v. Chamblee, 819 So.2d 1275, 1278 (¶ 6) (Miss.2002). Ensuring that motorists abide by traffic regulations and ensuring that they refrain from operating motor vehicles while under the influence of alcohol are issues that warrant our review, even in the absence of the State’s brief.
¶ 13. In its “Order Regarding Notice of Deficiency,” issued on November 10, 2011, the circuit court gave the State fourteen days to file its brief, and ordered that “this cause shall be dismissed” if the State failed to do so. The court thereafter issued its first “Order to Show Cause” on December 29, 2011. In its third and final order, issued on January 20, 2012, the court ordered the State to either “file the brief of the Appellee on or before 5:00 p.m. on January 31, 2012, or appear before this Court on February 2, 2012, at 2:00 p.m .... to show cause....” No separate order was ever entered by the circuit court dismissing this case. The State filed its brief on January 31, 2012. Though the State’s filing was far outside the fourteen-day deadline, Lobo’s convictions were never reversed as result. In fact, the court held the following regarding this matter:
While the Court drafted its Order Regarding Notice of Deficiency in relation to appellee’s failure to defend against the appeal and the appellee’s failure to file a brief within fourteen (14) days after notification [that] such deficiency would result in the case being dismissed and any conviction of appellant that is the subject of the appeal ... be[ing] reversed, a careful reading of [Mississip *153 pi Rule of Appellate Procedure] 2(a)(2) establishes dismissal of the appeal is the only remedy allowed for a party’s failure to correct a deficiency. Such dismissal could only result in the appellant’s conviction remaining of record.
More appropriately, [Mississippi Rule of Appellate Procedure] 31(d) only provides that if an appellee fails to file a brief as required, that the brief may be stricken, not that it shall be stricken, or that the case may be dismissed. Under the circumstances explained to the Court at the show cause hearing[,] the Court finds striking appellee’s brief is not appropriate.
(Emphasis added).
¶ 14. As discussed above, the record contains ample evidence to support Lobo’s conviction of DUI, first offense, running a red light, and careless driving. Further, we find no error in the circuit court’s denial of Lobo’s motion to strike the State’s brief. Accordingly, we affirm the judgment of the circuit court.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY OF CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND FINE OF $1,000 AND SENTENCE OF FORTY-EIGHT HOURS IN THE CUSTODY OF THE MADISON COUNTY SHERIFF’S DEPARTMENT, WITH THE SENTENCE SUSPENDED UPON COMPLETION OF THE MISSISSIPPI ALCOHOL SAFETY PROGRAM; CONVICTION OF CARELESS DRIVING AND FINE OF $25; AND CONVICTION OF RUNNING A RED LIGHT AND FINE OF $50 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P JJ., BARNES AND MAXWELL, JJ., CONCUR. ROBERTS, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., ISHEE AND FAIR, JJ. CARLTON, J., NOT PARTICIPATING.