# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KM-01802-COA

MALCOLM CAMERON A/K/A MALCOLM ANDREW CAMERON

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/25/2014 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | KEVIN DALE CAMP |
| | JARED KEITH TOMLINSON |
| ATTORNEY FOR APPELLEE: | NONE |
| CITY PROSECUTOR: | BOTY MCDONALD |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| TRIAL COURT DISPOSITION: | CONVICTED OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCED TO FORTY-EIGHT HOURS IN THE CUSTODY OF SHERIFF OF MADISON COUNTY, WITH THE SENTENCE SUSPENDED FOR TWO YEARS, AND CONVICTED OF CARELESS DRIVING AND SENTENCED TO PAY A $50 FINE |
| DISPOSITION: | AFFIRMED - 09/29/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., MAXWELL AND FAIR, JJ.**

**MAXWELL, J., FOR THE COURT:**

¶1.     The Fourth Amendment prohibits unreasonable searches and seizures, including unreasonable traffic stops. But if an officer had probable cause to believe a traffic violation occurred, the traffic stop is reasonable. Here, Malcolm Cameron never raised a Fourth

Amendment challenge to the stop. Still, the record shows the officer pulled over Cameron after watching him swerve in his vehicle. So Cameron's non-asserted argument that the exclusionary rule should bar evidence obtained following the stop fails.

¶2. We also find Cameron's argument that there was insufficient evidence of his resulting DUI conviction also lacks merit. We thus affirm.

**Facts and Procedural History**

### I. Traffic Stop and Observation Room

¶3. On March 16, 2013, Officer Ryan Ainsworth received a call from dispatch that a complainant reported a GMC Sierra truck driving carelessly. Officer Ainsworth first saw the truck—later confirmed to be driven by Cameron—in the McDonald's drive-thru off of Highway 51 in Madison, Mississippi. After Cameron went through the drive-thru, he turned right on Highway 51, and then left on Ford Street. As Officer Ainsworth followed Cameron, he noticed his truck swerve to the left on Ford Street, so he pulled Cameron over. Officer Ainsworth immediately "observed the overwhelming odor of an intoxicating beverage emitting from within the vehicle." He also noticed Cameron's eyes were "bloodshot and glassy." Cameron failed a preliminary breath test, so Officer Ainsworth conducted a variety of field sobriety tests. Cameron exhibited several indicators of intoxication on these tests as well.[1]

---

[1] On the horizontal-gaze-nystagmus test, Cameron displayed six out of six clues; on the walk-and-turn test, he displayed four out of eight clues; and on the one-leg-stand test, he showed three out of four clues.

¶4. Officer Ainsworth arrested Cameron for careless driving and driving under the influence (DUI). After booking, Officer Ainsworth sat in the observation room with Cameron for the required twenty minutes before administering the Intoxilyzer 8000 test. But as Officer Ainsworth began to read Cameron the implied-consent warning, Cameron placed a penny in his mouth. After instructing Cameron to remove the penny, he started the twenty-minute clock over. By the end of the second observation period, Cameron refused to cooperate by not blowing hard enough into the intoxilyzer, so the results of the test read "no sample given."

## II. Convictions and Appeals

¶5. Cameron was charged with careless driving and DUI refusal, first offense. After pleading nolo contendere in municipal court, Cameron appealed to county court, which held a de novo trial on the two charges. Officer Ainsworth was the only person to testify. The videos of the traffic stop and the observation room were also admitted. After being found guilty again, Cameron appealed to the circuit court, which affirmed. Cameron again appeals.[2]

---

[2] The State failed to file an appellee brief. And we generally treat such failure as tantamount to a confession of error. But we will not automatically reverse if we can "say with confidence that the case should be affirmed." *Carlson v. City of Ridgeland*, 131 So. 3d 1220, 1222 (¶7) (Miss. Ct. App. 2013); *see also Woods v. State*, 2014-KM-01807 n.2 (Miss. Ct. App. 2015) (This court has repeatedly confronted DUI appeals from the City of Ridgeland where no appellee's brief was filed). And while the Mississippi Supreme Court now mandates that "'all prosecutions shall be carried on in the name and by the authority of the 'State of Mississippi,'" *Cook v. State*, 159 So. 3d 534, 534 n.1 (Miss. 2015) (quoting Miss. Const. art. 6, § 169), the Office of the Attorney General of the State of Mississippi has

**Discussion**

## I. Probable Cause for the Traffic Stop – Careless Driving

¶6. Cameron argues for the first time on appeal that there was no probable cause for the traffic stop.

¶7. We emphasize that Cameron never challenged the validity of the traffic stop at the trial level. No motion to suppress was filed. Nor did Cameron object to any evidence on Fourth Amendment grounds. And he has not argued any evidence was admitted in plain error. So this issue is procedurally barred. *See Lawrence v. State*, 124 So. 3d 91, 94-95 (¶10) (Miss. Ct. App. 2013). Aside from this bar, Cameron's lack-of-probable-cause argument fails because there was no Fourth Amendment violation warranting suppression of the evidence.

¶8. "The Fourth Amendment to the United States Constitution and Article 3[,] [S]ection 23 of the Mississippi Constitution protect individuals from unreasonable searches and seizures." *Mosley v. State*, 89 So. 3d 41, 45 (¶12) (Miss. Ct. App. 2011) (citing U.S. Const. amend. IV; Miss. Const. art. 3, § 23). "Traffic stops are Fourth-Amendment 'seizures.'" *Id.* (citing *Tate v. State*, 946 So. 2d 376, 382 (¶17) (Miss. Ct. App. 2006)). And the "fruit of the poisonous tree" doctrine "makes inadmissible tangible evidence obtained incident to an unlawful search or seizure." *Id.* at (¶13) (citing *Marshall v. State*, 584 So. 2d 437, 438 (Miss.

notified this court it will not appear in misdemeanor appeals originating from municipal court.

4

1991)). So if Cameron's traffic stop was unreasonable, then the evidence obtained as a result of the stop would be subject to this exclusionary rule. *See Clack v. City of Ridgeland*, 139 So. 3d 778, 782 (¶19) (Miss. Ct. App. 2014) (noting that traffic stops must be reasonable). Typically, "a stop is reasonable if a law-enforcement officer has probable cause to believe that a traffic violation has occurred." *Id*.

¶9. Officer Ainsworth testified he stopped Cameron for the offense of careless driving.[3] The officer was first notified by dispatch that another driver reported Cameron's truck driving erratically. And as Officer Ainsworth followed Cameron, he saw his truck "veer to the left side of the roadway." This caused Cameron's truck "to occupy both [the] east and westbound lanes [on] Ford Street." As further support, a video of the traffic stop was admitted into evidence. It showed Cameron's truck swerve left. From this evidence, we find there was probable cause for the traffic stop. And absent a Fourth Amendment violation, the exclusionary rule does not apply.

## II.    Sufficiency of the Evidence for the DUI Conviction

¶10. Cameron next claims there was insufficient evidence to support his DUI conviction. Considering the legal sufficiency of the evidence, "the critical inquiry is whether the evidence shows 'beyond a reasonable doubt that the accused committed the act charged, and

---

[3] "Any person who drives any vehicle in a careless or imprudent manner, without due regard for the width, grade, curves, corner, traffic and use of the streets and highways and all other attendant circumstances is guilty of careless driving." Miss. Code Ann. § 63-3-1213 (Rev. 2013). The fine for a careless-driving conviction is $5 to $50. *Id*.

that he did so under such circumstances that every element of the offense existed.'" *Bush v. State*, 895 So. 2d 836, 843-44 (¶16) (Miss. 2005) (quoting *Carr v. State*, 208 So. 2d 886, 889 (Miss. 1968)). The key inquiry is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Ellis v. State*, 77 So. 3d 1119, 1126 (¶29) (Miss. Ct. App. 2011) (citing *Bush*, 895 So. 2d at 843 (¶16)). "If the evidence against the defendant is such that 'reasonable and fair-minded [jurors] in the exercise of impartial judgment might reach different conclusions on every element of the offense,' we will deem the evidence sufficient." *Id*. (quoting *Bush*, 895 So. 2d at 843 (¶16)).

¶11. Cameron was convicted under Mississippi Code Annotated section 63-11-30(1)(a) (Rev. 2013). This statute makes it "unlawful for a person to drive or otherwise operate a vehicle within this state if the person . . . [i]s under the influence of intoxicating liquor[.]" *Id*. This provision is often referred to as "common law DUI." *Ellis*, 77 So. 3d at 1126 (¶30). "Common law DUI is proven when a defendant's blood alcohol results are unavailable or the defendant's BAC tests under the legal limit, but there is sufficient evidence that the defendant operated a vehicle under circumstances indicating his ability to operate the vehicle was impaired by the consumption of alcohol." *Id*.

¶12. The evidence was sufficient to show Cameron drove under the influence of alcohol. In addition to seeing Cameron swerve while driving, which was confirmed by video, after stopping Cameron, the officer smelled an overwhelming odor of alcohol and noticed his eyes

6

were glassy and bloodshot. The results of the field sobriety tests also indicated intoxication. And Cameron tried to skew the intoxilyzer by sucking on a penny, which can also be seen on video. Afterwards, Cameron gave an insufficient breath sample. "If a person under arrest refuses to submit to a chemical test[,] evidence of refusal shall be admissible in any criminal action[.]" Miss. Code Ann. § 63-11-41 (Rev. 2013).

¶13.    We find this evidence was sufficient for the judge to determine Cameron guilty of DUI. We thus affirm.

¶14.    **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT OF CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCE OF FORTY-EIGHT HOURS IN THE CUSTODY OF THE SHERIFF OF MADISON COUNTY, WITH THE SENTENCE SUSPENDED FOR TWO YEARS, AND CONVICTION OF CARELESS DRIVING AND SENTENCE TO PAY A $50 FINE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

        **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR.**