GRIFFIS, P.J.,
for the Court:
¶ 1. Dr. Charles Webber was convicted of driving under the influence (DUI), first offense, in Madison County Court. Web-ber appealed to the Madison County Circuit Court, which affirmed the conviction. Aggrieved, Webber now appeals to this Court. We find reason to reverse and render Webber’s conviction.
FACTS AND PROCEDURAL HISTORY
¶ 2. On August 26, 2012, Officer Stephen Webb, a Ridgeland city police officer, came across a crashed vehicle in a neighborhood at approximately six in the morning. The vehicle apparently collided with a tree and a mailbox. Officer Webb did not see anyone in the vehicle but noticed Webber walking in the street.
¶ 3. When Officer Webb made contact with Webber, he noticed that Webber smelled of alcohol and held an alcoholic *927 beverage. Officer Webb also observed that Webber experienced depth-perception difficulties, was unsteady, and slurred his speech. Officer Webb arrested Webber and performed a breath intoxilyzer test at the police station, which registered a .24% alcohol level.
¶ 4. Webber entered a nolo contendere, or no contest, plea in Ridgeland Municipal Court; The municipal court found Webber guilty. Webber then appealed this verdict to the Madison County County Court, which held a de novo bench trial on June 26, 2013. The county court found Webber guilty, and the Madison County Circuit Court affirmed.
DISCUSSION
¶ 5. Recently, in Nolan v. State, 182 So.3d 484, 488 (¶ 6) (Miss.Ct.App.2016), we considered an all-too-familiar problem with appeals that originated in the Municipal Court of the City of Ridgeland:
As is common with appeals from the City of Ridgeland, City Prosecutor Boty McDonald has failed to file an appellee’s brief. “An appellee’s failure to file a brief on appeal is tantamount to confession of the errors alleged by the appellant. However, automatic reversal is not required if this Court can say with confidence that the case should be affirmed.” Clack v. City of Ridgeland, 139 So.3d 778, 781 (¶ 17) (Miss.Ct.App.2014)....
In footnote 1, we cited the cases before this Court where the City of Ridgeland had failed to file a brief:
See Robinette v. State, [189] So.3d [675, 680-81], 2015 WL 7253246, at *5 (¶ 17) (Miss.Ct.App.2015); Cameron v. State, 175 So.3d 574, 577 n. 2 (Miss.Ct.App.2015); Woods v. State, 175 So.3d 579, 580 (¶ 9) (Miss.Ct.App.2015); Clack v. City of Ridgeland, 139 So.3d 778, 778 (¶ 1) (Miss.Ct.App.2014); Carlson v. City of Ridgeland, 131 So.3d 1220, 1222 (¶ 8) (Miss.Ct.App.2013); Lobo v. City of Ridgeland, 135 So.3d 148, 152 (¶ 12) (Miss.Ct.App.2013); Drabicki v. City of Ridgeland, 130 So.3d 113, 118 (¶ 19) (Miss.Ct.App.2013).
Nolan, 182 So.3d at 488 n. 1.
¶ 6. The City’s failure to file a brief was also considered by the Mississippi Supreme Court. In Norman v. State, 2014-KM-01789-SCT (Jan. 21, 2016), the supreme court considered an appeal from the Municipal Court of the City of Ridgeland. There, like here, the City failed to file a brief in a timely manner. On October 1, 2015, the supreme court entered the following order:
A Notice of Appeal was filed in this ease on December 19, 2014. On March 6, 2015, the Clerk of this Court issued a Briefing Schedule notifying the parties that, pursuant to Rule 31 of the Mississippi Rules of Appellate Procedure, Appellant’s brief and record excerpts were due within forty days of the date of [the] clerk’s letter, and Appellee’s brief was due within thirty days after service of Appellant’s brief. Per Appellant’s request for extension of time, this Court granted Appellant until May 15, 2015, to file Appellant’s brief, and a letter from the Clerk of this Court was issued notifying all counsel. Appellant’s brief was filed on May 15, 2015.
On June 23, 2015-, .the Clerk of this Court issued a Show Cause Notice to Ridgeland City Prosecutor, Mr. Boty McDonald, notifying Mr. McDonald that ■ ... Appellee’s brief was delinquent, and directed Mr. McDonald to show cause within fourteen days from the date of the notice why this Court should not impose sanctions in accordance with Rule 2(b) of the Mississippi Rules of Appellate Procedure. Mr. McDonald 'did not file a response.
*928 After due consideration, we find that the said Mr. McDonald shall appear before this panel on November 9, 2015, at 1:30 ■p.m., then and there to show cause, if any he can, why he should not be sanctioned for his failure timely to file ... Appellee’s brief in this case.
¶ 7. On November 9, 2015, a panel of the supreme court held a hearing consistent with this order, At the hearing, the justices inquired as to the reason(s) for the failure to file a timely brief. Counsel for the City gave several reasons, none of which were reasonable grounds to justify the. City’s failure to. file a timely brief.
¶ 8. On November 12, 2015, the supreme court entered the following order:
On November 9, 2015, Boty McDonald (McDonald), prosecutor for the City of Ridgeland[,] ... appeared before the panel of Dickinson, P.J., Pierce and King, JJ., for. a show-cause hearing that was ordered by the panel of Randolph, P.J., Pierce and King, JJ.[,] on October 1,2015.
The panel ordered McDonald to appear and show cause, if any, why he should not be sanctioned for failing to timely file his Appellee’s brief. The panel also ordered the Attorney General’s Office to appear and to discuss that Office’s role and responsibility in this matter under Article 6, Section 169, of the Mississippi Constitution and section 21-13-19 of the • Mississippi Code Annotated. The panel further invited Norman’s counsel to appear and offer proof of prejudice, , if any, Norman may have suffered as a result of , .. Appellee’s failure to file a brief. During the show-cause hearing, McDonald confessed prejudicial error in the trial court as to Norman’s conviction, and further stated that the judgment of conviction should be reversed.
After due consideration, the panel finds that McDonald should file a brief with this Court, stating the City of Ridge-land’s position. We further find that our decision on possible sanctions should be held in abeyance until the brief has been filed, and that the Office of the Attorney General has no further mandatory responsibilities in this matter.
¶ 9. On November-22, 2015, McDonald filed a document entitled “Appellee’s Confession of Appellant’s Brief’ on behalf of the City of Ridgeland.
¶ 10. By order dated January 20, 2016, the Mississippi Supreme Court entered an order that held the “judgment of the Circuit Court of Madison County is reversed, the judgment of the County Court of Madison County is reversed, and the judgment of the Ridgeland Municipal Court is reversed and rendered.” The court assessed all costs to the City.
¶ 11. Based, on the supreme court’s procedure in handling the. City’s failure to file a brief in Norman, on February 4, 2016, this .Court entered-the following sua sponte order in this case:
The parties are directed to file a brief within .twenty days of the entry of this order addressing the following issue:
Whether McDonald’s admission during the show-cause hearing in Norman that he is responsible for filing a responsive brief on behalf of the City of Ridgeland, and the Mississippi Supreme Court’s express instruction to file a brief in that case[,] retroactively impacts the standard of review in this appeal.
Therefore,. on the Court’s own motion, the parties shall file supplemental briefs as directed in this order. The briefs are to be simultaneously;filed within twenty (20) days of the entry of this order.
Contrary to the specific direction of this Order, the City of Ridgeland did not file a supplemental brief or any response.
*929 ¶ 12. Nevertheless, we recognize that we must review this case based on the following principle: “An appellee’s failure to file a brief on appeal is tantamount to confession of the errors alleged by the appellant. However, automatic reversal is not required if this Court can say with confidence that the case’ should be affirmed.” Clack, 139 So.3d at 781 (¶ 17).
¶ 13. However, in light of the consistent failure of the City of Ridgeland to participate in the proper judicial process, we have determined that the City of Ridge-land or its legal counsel has determined that it has no responsibility to prosecute cases before the appellate courts of Mississippi. We recognize the principle this Court may not automatically reverse the judgment simply based .-on the City’s neglectful and disrespectful failure to file a brief. However, as the Supreme Court considered this circumstance in Norman and this Court provided the City of Ridge-land and its counsel with similar notice in the February 4,2016 order, we have determined that the City of Ridgeland’s failure to file a brief on.appeal is an intentional and meaningful act that is indeed tantamount to confession of the errors alleged by the appellant. We therefore reverse and render the judgment entered against Webber.
¶ 14. We agree with much of the analysis by the dissent. Indeed, except for the fact of the City of Ridgeland’s recent history in its apparently intentional refusal to participate in the appellate process, we would agree with the dissent’s argument to affirm Webber’s conviction. However, we also examine this case in light of Norman and, more importantly, the City of Ridge-land’s failure to respond to this Court’s order dated February 4, 2016, where we asked the City to advise us as to:
Whether McDonald’s admission during the show-cause hearing in Norman that he is responsible for filing a responsive brief on behalf of the City of Ridgeland, and the Mississippi Supreme Court’s express instruction to file a brief in that case[,] retroactively impacts the standard of review in this appeal.
Without the input requested by the City of Ridgeland, we find that the Mississippi Supreme Court’s express instruction to file a brief in Norman retroactively impacts the standard' of reviéw in this appeal and requires that we reverse and render the judgment against Webber.
¶ 15. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED’TO THE CITY OF RIDGE-LAND.
. LEE„C.J., .ISHEE, FAIR, JAMES AND GREENLEE, JJ., CONCUR. WILSON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J., BARNES AND CARLTON, JJ.; FAIR, J., JOINS IN PART.